**STATE of Missouri, Respondent,**

v.

**Anthony L. THOMPSON, Appellant.**

**No. 46952.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 6, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 4, 1984.

Application to Transfer Denied
May 15, 1984.

Robert J. Maurer, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted of two counts of rape, violations of § 566.030, RSMo. 1978; two counts of sodomy, violations of § 566.060, RSMo. 1978; and one count of robbery first degree, a violation of § 569.020, RSMo. 1978. He was sentenced as a persistent offender to four concurrent twenty year terms of imprisonment on the rape and sodomy convictions and to a consecutive twenty year term of imprisonment on the robbery conviction. Defendant appeals. We affirm.

The state presented evidence from which the jury could have found that on the evening of August 11, 1982, the victim resided with her two young children in an apartment in St. John, Missouri. Defendant, who was living with his sister in the same apartment building, knocked on the victim's door at approximately 10:40 that evening and told her that his sister needed a cigarette. Defendant then entered the apartment and after the victim gave him a cigarette, they talked in her living room for about 40 minutes. At that point, defendant offered the victim $40.00 if she would perform oral sex. When she refused, defendant picked up a soda bottle, emptied its contents on the rug and threatened to beat her and kill her two children unless she took off her clothes.

Defendant eventually forced the victim into a bedroom where he raped and sodomized her. The victim then was allowed to use the bathroom. When she came out of

the bathroom, defendant confronted her with a knife and the soda bottle and again threatened her and her children. She was forced back into the bedroom, was raped and sodomized, then tied hand and foot with an electric cord which defendant cut from her vacuum cleaner. Defendant searched the apartment, taking change from the children's piggy banks, food stamps and her car keys and left.

The victim freed herself and soon thereafter called the police. As a police car drove into the apartment building parking lot, defendant was standing by the victim's car and stated, "I'm the one."

A medical examination of the victim revealed, among other things, red marks similar to those made by a cord or rope on her wrists and ankles.

Defendant testified in his own behalf and stated that he and the victim had engaged in consensual sexual activities that evening.

On appeal, defendant complains that the trial court erred in permitting certain testimony of the victim. On direct examination, the victim testified that since the evening of August 11–12, 1982, she had not slept in her apartment. She further testified that she went back to the apartment one time and the experience "just started bringing it all back, a lot of memories, and I got scared . . . ." She further testified that she suffered a seizure and was hospitalized in September, 1982, after she bought a soda in a laundromat. She had been thinking about "trying to make myself overcome the soda bottle. They had a soda stand and I got some soda and it just got to me."

Defendant contends this evidence was irrelevant, immaterial and unfairly prejudicial in that the victim's state of mind or mental well-being after the incident was not in issue.

■ It is well settled that the trial court has broad discretion on matters of relevancy and materiality. Its decision will be overruled only if it has abused its discretion. *State v. Wickizer*, 583 S.W.2d 519, 524 (Mo. banc 1979). Relevancy is estab-

lished if the evidence logically tends to support or establish a fact in issue. *State v. Berry*, 609 S.W.2d 948, 954 (Mo. banc 1980). In *State v. Johnson*, 637 S.W.2d 157, 161 (Mo.App.1982), this court held in the case of the rape of two women, the victims' testimony that one had dropped out of beauty school and the other had moved out of town after the commission of the offense was admissible. The court stated that the testimony was at least minimally relevant to refute the defendant's statement that the sexual activities were consensual. "It was inferable from the testimony that these major voluntary changes in the victim's lives were made because of the sexual activities testified to and that such changes would not have been made if the activities had been consented to." 637 S.W.2d at 161.

■ In the case at bar, the only contested issue at trial was consent of the victim. It is clear from the victim's testimony that she never spent another night in her apartment after those events and voluntarily moved from the apartment immediately after the offense was committed. As in *Johnson*, it is inferable that such a voluntary change in her life would not have been made if she had consented to the activities that evening.

We have also concluded that the evidence as to the victim's return to the apartment and her "seizure" at the laundromat were admissible. It is inferable that the events of the rape inflicted a sufficient degree of trauma upon the victim that her visit to the apartment and the sight of a soda bottle resurrected memories of that ordeal. This testimony was relevant to the issue of absence of consent and we find no abuse of discretion. There is no merit to defendant's point. *See State v. Berry*, 609 S.W.2d 948, 954 (Mo. banc 1980) (evidence that rape victim who had been threatened by soda bottle ran from lineup conducted at least a week after the offense was admissible).

In defendant's last point, he contends the trial court committed error in allowing a police detective to give his opinion regard-

ing the victim's appearance and behavior subsequent to the incident.

On direct examination, Detective Hollandsworth testified that he had worked with the St. Louis County Police Department's Special Sexual Assault Unit for five years. He testified that the day after the rape, the victim appeared very quiet and withdrawn; she cried and would not talk. The detective was then asked if he was familiar with the term "rape trauma syndrome." He answered yes. Defense counsel then objected and the trial court sustained the objection. No further relief was requested. Detective Hollandsworth then testified that he had investigated 200 rapes during his career and that the victim's appearance and behavior in this case was consistent with a lot of the victims he had seen because she was withdrawn, quiet, crying, trembling, and she had no control over herself at all. Defendant made no objection to this portion of the detective's testimony and did not present it in his motion for new trial.

■ Defendant contends that in essence the detective testified that the victim was suffering from rape trauma syndrome. Defendant relies upon *State v. Taylor*, 663 S.W.2d 235 (Mo.banc 1984), in which medical opinion testimony that the victim was suffering fram rape trauma syndrome was held inadmissible. In *Taylor*, the error was preserved. In the case at bar, the only reference to "rape trauma syndrome" was objected to and sustained by the trial court. We have serious reservations that the detective's testimony that the victim's appearance was similar to other victims he had seen was admissible. However, no objection was made and consequently we must review it to determine whether it resulted in plain error. Rule 30.20. We have examined the record and conclude that no injustice or miscarriage of justice resulted.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.